UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS CRUZ-MURILLO,<br><br>                Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                Respondent. | No. 09cv1773 JAH<br>No. 04cr2496 JAH<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS [Doc. #59]** |

### INTRODUCTION

Petitioner, Jesus Cruz-Murillo, a federal prisoner, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255 to reduce the sentence resulting from his convictions for violation of 21 U.S.C. §§ 841, 952, and 960. Respondent filed a timely answer. For the reasons stated below, this Court DISMISSES the instant petition as untimely.

### BACKGROUND

On December 8, 2005, this Court sentenced Petitioner to 120 months on each count to run concurrently, the mandatory minimum sentence for these offenses, followed by five years of supervised release. Petitioner filed a direct appeal. *See* Doc. #35. On November 28, 2007, the Ninth Circuit rejected Petitioner's arguments and affirmed the conviction and sentence. *See* Doc. #58. On August 6, 2009, Petitioner filed the instant petition for writ of habeas corpus under 28 U.S.C. § 2255. *See* Doc. #59. Petitioner

argues that the Court should have departed downward two levels because he was a deportable alien and he had ineffective assistance of counsel. Respondent argues that the instant petition should be dismissed as untimely.

## **DISCUSSION**

**1.    Legal Standard**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") instituted a one-year limitation for both state and federal prisoners to collaterally attack their sentences. *See* United States v. Garcia, 210 F.3d 1058, 1059 (9th Cir.2000). Under AEDPA, federal prisoners are typically required to file a motion for habeas relief within one year from the date on which the judgment of conviction becomes final. *See* 28 U.S.C. § 2255. A judgment of conviction becomes final when the availability of appeal is exhausted and the time for a petition for certiorari elapsed. United States v. LaFromboise, 427 F.3d 680, 683 (9th Cir.2005)(citing Griffith v. Kentucky, 479 U.S. 314, 321 n. 6 (1987)).

**2.    Analysis**

More than one year has elapsed since the judgment of conviction became final. Specifically, the Ninth Circuit affirmed the Petitioner's judgment of conviction on November 28, 2007. *See* Doc. #58. The Petitioner's judgment of conviction became final on December 12, 2007, fourteen (14) days after the Ninth Circuit affirmed the conviction. *See* Fed. R. App. P. 4(b)(1)(A)(i); *see also* LaFromboise, 427 F.3d at 683. To be timely under AEDPA, the petition must have been filed by December 12, 2008. Petitioner filed the instant petition on August 6, 2009, more than one year after the date of the final judgment of conviction, and there is nothing before the Court to support a finding the limitations period was tolled. Thus, the one year statutory limitation period bars Petitioner's claims. Accordingly, this Court finds that the instant petition is untimely under AEDPA and must be dismissed.

//

//

## CONCLUSION AND ORDER

For the reasons set forth above, **IT IS HEREBY ORDERED** that the instant petition is **DISMISSED** as untimely.

DATED: December 4, 2009

JOHN A. HOUSTON
United States District Judge